385 A.2d 546

**COMMONWEALTH of Pennsylvania**

v.

**Dennis W. RUNDLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided April 13, 1978.

Alfred B. Bell and Dante G. Bertani, Greensburg, for appellant.

Albert M. Nichols and Patrick H. Mahady, Greensburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal from a sentence following a jury verdict of guilty on the charge of failure to support a bastard child, in which paternity was the issue.

It was undisputed that the defendant had intercourse with the mother only on one occasion, December 27, 1973. The

baby was born August 18, 1974, 7½ months after the act of intercourse.

Appellant complains that the trial judge erred when he permitted the complainant to testify over defendant's objection to the fact that the baby was premature without medical testimony to support her and had been conceived December 27, 1973; and in limiting the cross-examination of complainant as to other acts of intercourse she may have had with others on or around the date of conception as given by her. In fact the jury while deliberating asked "Had the mother had any other previous intercourse the two months preceding December 27?" and was told by the trial judge, "There is no evidence to that effect."

It appears the trial judge established the date of conception and the period of gestation by accepting the testimony of the mother. Although he stated her credibility was for the jury, he in fact prevented the defendant from attacking her credibility which was a serious prejudicial error requiring a new trial.

The judgment of sentence is reversed and a new trial awarded.

VAN der VOORT, J., files a concurring and dissenting opinion in which PRICE, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

VAN der VOORT, Judge, concurring and dissenting:

I concur in the granting of a new trial to appellant because the mother of the child was permitted to testify over objection that the baby was premature without any medical testimony in support of this conclusion, but I respectfully dissent to that part of the Per Curiam Order which purports to approve the prospective questioning of the mother as to specific acts of intercourse with other men. Such cross examination is, in my judgment, improper in the manner proposed at the trial of this case.

PRICE, J., joins in this concurring and dissenting opinion.